PRICHARD MOTOR COMPANY, INC. *v.* RISHER, et al.

No. 41641          January 16, 1961          125 So. 2d 825

*Butler, Snow, O'Mara, Stevens & Cannada, Dan Mc-Cullen,* Jackson, for appellant.

46

*Osborn G. Idom,* Forest, for appellees.

HALL, P. J.

This suit was commenced by Prichard Motor Company against M. B. Risher by an affidavit in replevin covering two motor trucks and a writ of replevin was issued. The plaintiff gave a replevin bond, with Western Casualty and Surety Company of Ft. Scott, Kansas,

as surety in the amount of $8,558.76 in favor of M. B. Risher. A declaration was filed against Risher and a note of Risher to Prichard Motor Company, being a title retention note, was exhibited to the declaration and a default judgment in favor of Prichard and against Risher was entered.

A claimant's affidavit in favor of Hamilton Implement Company for installing a transmission on one of the trucks was filed and a plea of general issue was filed by Prichard to the intervention of Hamilton Implement Company. A motion to strike the intervening claim of Hamilton Implement Company was filed and testimony was taken on this motion, from which it appeared that the truck in question was in Dallas, Texas, when the alleged repairs were made and it appeared that Buford Risher called the Hamilton Implement Company from Houston, Texas, and that company arranged to have a transmission put in the truck. The cost thereof was $842.20. Risher paid $200 on this leaving a balance of $642.20.

The sheriff of Scott County served the writ of replevin on Risher and caught one truck only.

This appeal is from the third party action only which will be referred to hereinafter as Hamilton and the plaintiff, Prichard Motor Company, Inc., will be hereinafter referred to as Prichard.

On November 25, 1958, Hamilton entered into bond to retain possession of the second truck, and three days later on November 28, 1958, he filed an intervening affidavit in the replevin action seeking to impress a mechanics and materialmen's lien on the second motor truck only.

Prichard filed a declaration on the return day in its replevin action and default judgment was rendered thereon against Risher on March 3, 1959.

When the issue between Prichard and Risher was disposed of through the default judgment, an issue re-

mained on the intervening third party affidavit by Hamilton. Prichard filed a plea of general issue and a motion to strike said affidavit and said intervening claim. Testimony was offered in support of this motion and an order was entered overruling the motion. Hamilton then filed its declaration and Prichard then filed a motion to strike said declaration. This motion was overruled and Prichard filed an answer and a plea of general issue to the declaration of the third party claimant. This issue was tried before a jury which found in favor of Hamilton and a judgment was entered in favor of Hamilton to retain possession of the second motor truck until a repair bill of $642.20 was paid by Prichard. A motion for a new trial was overruled and Prichard appeals here. The issues here involved arise solely out of the third party claim by Hamilton and Hamilton and Prichard are the only parties involved.

It is alleged that while Risher was in Dallas, Texas on a cross-country trip on March 17, 1958, he was required to install a transmission in the truck in question. By virtue of a long distance telephone call, Hamilton agreed to guarantee the payment of the transmission for Risher and International Harvester Motor Truck District, Inc. of Dallas, Texas, supplied a transmission to Risher and Risher continued in possession of said truck until late November, 1958.

After Prichard instituted its replevin action, Hamilton, on November 25, 1958, had International Harvester Motor Truck District, Inc., assign Risher's claim and the alleged lien to it.

Prichard claims that Hamilton did not acquire a valid and subsisting mechanics lien against said truck by virtue of the assignment where it has not shown that it was reasonably necessary for the preservation and continued operation of the truck and further that there was no labor or physical toil involved in installing the transmission and where there is no showing that the trans-

mission presently in the truck is one and the same which was sold to Risher and Prichard further contends that if it should be conceded that a lien was acquired by Hamilton, the same did not entitle Hamilton to immediate possession of the truck such that it would have permitted intervention by Hamilton under Sec. 2864 of the Miss. Code of 1942, anno. In other words, Prichard claims that the holder of a nonpossessory lien does not have authority to intervene in a replevin action under Sec. 2864 and that the only person who can intervene in a pending replevin action under Sec. 2864 is a person who could have instituted an independent replevin action in his own right for the recovery of the property.

It was shown without dispute that Hamilton merely advanced credit to Risher for the purchase of the transmission and that the purchase was the cost price for a straight sale without any charge for labor or installation.

Hamilton admitted that it had no office or business location or employees in Dallas who could have performed repairs on the truck or who could have installed the transmission. Its only place of business was in Scott County, Mississippi.

From what we have said, it is clearly apparent that the lower court erred in submitting this case to a jury and that the request by Prichard for a peremptory instruction should have been granted. The case is, therefore, reversed and a judgment here entered for appellant.

Reversed and judgment here.

*Arrington, Ethridge, Gillespie* and *McElroy, JJ.,* concur.

## ON MOTION TO CORRECT JUDGMENT

ARRINGTON, J.

In this case the judgment appealed from was reversed and judgment entered in this Court for the appellant, Prichard Motor Company, Inc. We inadvertently failed to remand the case.

The appellant's motion to modify and correct the judgment should be and is sustained so that it may order the case remanded for appropriate action on appellee's replevin bond.

Motion to correct judgment sustained.

All Justices concur, except *Jones, J.,* who took no part.